THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:06-cr-00025-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| SAMUEL EDDIE PHEASANT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion Seeking Compassionate Release/Reduction in Sentence Pursuant to § 3582(c)(1)(A)(i)" [Doc. 75]; the Government's Response to Defendant's Motion for Compassionate Release [Doc. 76]; and the Defendant's Reply [Doc. 78].

**I.    BACKGROUND**

In December 2006, the Defendant Samuel Eddie Pheasant was found guilty by a jury of one count of first degree murder by an Indian in Indian country, in violation of 18 U.S.C. §§ 1111 and 1153, and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(j)(1). [Doc. 25]. He was sentenced in October 2007 to a term of life imprisonment for the murder conviction and

120 months' imprisonment on the firearm conviction. [Doc. 27]. The Defendant is currently housed at FCI Williamsburg, with no projected release date due to his life sentence.[1]

The Defendant now seeks a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 98]. For grounds, the Defendant cites his increased susceptibility to serious illness or death from COVID-19 as a result of a number of chronic health conditions. [Id.]. He further cites his efforts at rehabilitation as grounds for release. [Id.].

The Court ordered the Government to respond to the Defendant's motion. [Text-Only Order entered Oct. 13, 2021]. The Government filed its Response on November 5, 2021. [Doc. 76]. After seeking an extension of time to do so, the Defendant filed a Reply on December 20, 2021. [Doc. 78]. Accordingly, this matter is ripe for disposition.

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling

---

[1] See https://www.bop.gov/inmateloc/ (last visited Jan. 12, 2022).

2

Case 2:06-cr-00025-MR   Document 79   Filed 01/26/22   Page 2 of 8

reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies. [Doc. 76 at 2]. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. Specifically, the application notes to this policy statement set forth the various circumstances under which the Court can determine that "extraordinary and compelling reasons

3

exist," including: the medical condition of the defendant, the age of the defendant, certain family circumstances, or other reasons. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant argues that he has a number of chronic medical conditions—including hypertension, diabetes, and obesity—that place him at

a significant risk of serious illness or death from COVID-19. While these conditions are undoubtedly serious, the Defendant does not assert in his motion that these conditions are uncontrolled or that they substantially diminish his ability to provide self-care while incarcerated. With respect to the risks posed by the coronavirus, the BOP medical records indicate that the Defendant has been fully vaccinated against the coronavirus. [See Doc. 76-1]. According to the CDC, vaccine effectiveness studies indicate that the mRNA COVID-19 vaccines reduce the risk of serious illness or death among people who are fully vaccinated.[2] While the Defendant still faces some risk of infection (as do all of those who have been vaccinated against the virus), the fact that the Defendant faces a slight risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); see also United States v.

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Jan. 12, 2022).

Lemons, 15 F. 4th 747, 751 (6th Cir. Oct. 8, 2021) ("a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction….[T]o the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19."). Because the Defendant is vaccinated and thus generally protected from the most serious harms related to COVID-19, the Defendant's chronic health conditions do not constitute an extraordinary and compelling to justify his early release.

The Defendant further argues that while in prison, he has "taken it upon himself to take advantage of all the educational programs that [are] being afforded by the BOP to improve his life," including studying to obtain his GED. [Docs. 75-1 at 6; 78 at 10]. While the Defendant's efforts to improve himself are commendable, rehabilitation alone does not constitute sufficient grounds to justify a compassionate release. See 28 U.S.C. § 994(t).

Having considered all the facts and grounds put forward by the Defendant, the Court finds and concludes that, taken either singly or in combination, these facts and grounds fail to constitute extraordinary and compelling reasons for granting the Defendant compassionate release.

Even if the Defendant had demonstrated "extraordinary and compelling reasons" for his release, the Court must still consider the § 3553(a) sentencing factors "to the extent that they are applicable" in deciding whether to reduce a defendant's sentence in the exercise of its discretion. See United States v. Jenkins, -- F. 4th --, 2021 WL 6130105, at *5 (4th Cir. Dec. 29, 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Here, evaluation of the § 3553(a) factors weigh in favor of the Defendant's continued incarceration. The Defendant committed the very serious crime of first degree murder by shooting his cousin in the abdomen following a physical altercation earlier in the day. [See Doc. 67 at 4]. The Defendant has only served approximately 15 years of his life sentence. When compared to the seriousness of his crime, the Defendant's diminishing risk of contracting COVID-19 fails to justify his early release.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion Seeking Compassionate Release/Reduction in Sentence Pursuant to § 3582(c)(1)(A)(i)" [Doc. 75] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 26, 2022

Martin Reidinger
Chief United States District Judge