IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CRIMINAL CASE NO. 2:06-cr-00025-MR-1

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **O R D E R** |
|  | ) |  |
| SAMUEL EDDIE PHEASANT, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)" [Doc. 89].

**I.   BACKGROUND**

On the morning of July 1, 2006, Samuel Eddie Pheasant ("Defendant") got into a physical altercation with his cousin, Dennis Lloyd Teesateskie, while at a residence located at Bunches Creek Road on the Cherokee Indian Reservation. [Doc. 67: PSR at ¶ 8]. During this altercation, Teesateskie reportedly struck Defendant in the mouth. [Id.]. After the altercation, Defendant and Teesateskie traveled together to the residence of Velma Bradley in the Big Cove community. [Id.]. Defendant left to retrieve a .22 caliber Marlin bolt action rifle from his residence. [Id.]. He then returned to Velma Bradley's residence, where he saw Teesateskie sitting on the back of

a truck parked in the driveway. [Id.]. Defendant removed a bullet from his pocket and loaded his rifle. [Id.]. While Defendant was at the end of the driveway, Teesateskie began running toward him. [Id.]. Defendant shouldered the rifle and fired one round, hitting Teesateskie in the left abdomen area. [Id.]. Teesateskie took the rifle from Defendant and struck him three times across the head. [Id. at ¶ 10]. Defendant left the scene and drove to the Cherokee Indian Police Department, where he admitted shooting Teesateskie. [Id.]. Defendant also provided a statement to the FBI admitting the same. [Id.]. Defendant further stated that he had "been drunk all week." [Id.]. When asked why he had shot his cousin, Defendant replied, "[h]e pissed me off, man." [Id.]. Teesateski died later that day at the hospital. [Id. at ¶ 13].

Defendant was charged in a Bill of Indictment with first degree murder, in violation of 18 U.S.C. §§ 1111 and 1153 (Count One), and with using and carrying a firearm during and in relation to a crime of violence which resulted in the death of another, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(j)(1) (Count Two). The statutory term of imprisonment for Count One was death or life imprisonment, and the statutory term of imprisonment for Count Two was a mandatory consecutive term of not less than ten years, death, or life imprisonment. 18 U.S.C. §§ 924(c)(1)(A)(iii) & 924(j)(1).

2

Previously, first on October 12, 2021, and again on February 9, 2023, Defendant filed motions seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Docs. 75; 80]. In both motions, Defendant raised his susceptibility to serious illness from COVID-19 and his rehabilitative efforts. [Id.]. These motions were denied on January 26, 2022, and March 7, 2023, respectively. [Docs. 79; 81].

Defendant now moves the Court for compassionate release for a third time, arguing that (1) he would receive a "dramatically lower sentence" for his crimes if he were sentenced today, (2) that his sentence is unusually long, (3) that he has "aged out of [his] crime-prone years[,]" and (4) that he has made significant efforts at rehabilitation. [Doc. 89 at 2, 4, 7-8]. Defendant also contends that the relevant § 3553(a) factors weigh in favor of his early release. [Id. at 8-12].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

3

warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

On April 21, 2024, Defendant submitted a request to his warden arguing that he should be granted compassionate release because his sentence is unusually and disproportionately long, he has served more than nineteen years in prison, he would likely receive a lesser sentence if sentenced today, and he has been rehabilitated.[1]  [Doc. 89-5 at 2].  The warden denied Defendant's requested relief on May 21, 2024.  [Id. at 3].  Therefore, as it appears that Defendant has substantially exhausted his administrative remedies, the Court will address the merits of his motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions.  See U.S.S.G. § 1B1.13.  The Sentencing Commission

---

[1] Defendant did not raise his age as a basis for relief in his request to his warden.

amended § 1B1.13 effective November 1, 2023, to address the amendment to § 3582(c)(1)(A) authorizing courts to grant a motion for a sentence reduction based on a defendant's own motion. The amended policy statement sets forth the following list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a reduction in sentence: (1) the defendant's medical condition, including a terminal illness or serious medical or physical condition that substantially diminishes the defendant's ability to provide self-care or requires long-term or specialized medical care; (2) the defendant's age, if the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health, and has served at least 10 years or 75 percent of his or her term of imprisonment; (3) certain family circumstances, such as the death or incapacitation of the defendant's child, or where the defendant would be the only available caregiver for an incapacitated family member; (4) where the defendant was a victim of abuse while in custody; (5) any other reasons that are similar in gravity to the aforementioned reasons; and (6) in the event of an "unusually long sentence," the defendant has served at least 10 years of the term of imprisonment, and there has been a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) that would produce a gross disparity between the

sentence being served and the sentence likely to be imposed at the time the motion is filed.  Id. § 1B1.13(b)(1)-(6).

Defendant first argues that if he were sentenced today, he would receive a substantially lesser sentence than that which was imposed because the Government would be less likely to seek capital punishment. [Doc. 89 at 2-3].  However, 18 U.S.C. § 1111 currently provides—just as it did at the time of Defendant's conviction thereunder and his sentencing—that "[w]hoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life[.]"  Put simply, there were, and are still, only two sentences that defendants convicted of first-degree murder in violation of § 1111 may receive, life imprisonment or the death penalty.  As noted above, Defendant received the lesser of these two, life imprisonment, which is the effective statutory mandatory minimum sentence for his crime. Therefore, Defendant's contention that he would receive a lesser sentence if he were sentenced today is meritless.  Relatedly, because every defendant convicted of first-degree murder under § 1111 receives a sentence, at minimum, of life imprisonment, Defendant's second argument—that his sentence is unusually long—also fails.

Third, Defendant, who is now fifty-five years old, contends that he has "aged out of [his] crime prone years."  [See Doc. 89-2 at 2].  However,

6

compassionate release is only appropriate in cases where a defendant's specific circumstances are extraordinary and compelling. See 18 U.S.C. § 3582(c)(1)(A). Thus, a defendant's age alone cannot justify his request for compassionate release. See, e.g., United States v. Aguilar, No. 18-CR-00275-LHK, 2020 WL 6081779, at *6 (N.D. Cal. Oct. 15, 2020) ("granting compassionate release based on age alone would warrant widespread compassionate release, which would undermine [its intended] limited scope") (citing United States v. Haney, 454 F. Supp. 3d 316, 323 (S.D.N.Y. 2020)). This notwithstanding, § 1B1.13 provides that a defendant's age may support a request for compassionate release if the defendant is at least sixty-five years old, has served more than ten years in prison, and is experiencing a serious decline in physical or mental health. Defendant, here, is only fifty-five years old, and he has not argued, or presented any evidence, that his health is seriously declining. Therefore, the Court concludes that there is nothing extraordinary about Defendant's age that would support his request for early release.

Fourth, and finally, Defendant again argues that his rehabilitative efforts support his request for compassionate release. However, as the Court has explained twice before, while Defendant's efforts to improve himself are commendable, rehabilitation alone does not justify

7

compassionate release.  See 28 U.S.C. § 994(t).  Moreover, particularly considering that Defendant has been imprisoned for nearly two decades now, there is nothing particularly exceptional about the number of courses and treatments he has completed.  Thus, Defendant's rehabilitative efforts do not warrant his early release.

For all these reasons, the Court concludes that none of the grounds cited by Defendant, considered singly or in combination, constitute extraordinary and compelling reasons for his early release.  Additionally, even if any of the grounds raised by Defendant could be considered an extraordinary and compelling reason for his release, the Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis in determining whether a sentence reduction is warranted.  See 18 U.S.C. § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

As the Court previously noted, here, the § 3553(a) factors continue to weigh in favor of Defendant's incarceration.  Defendant committed the very serious crime of first-degree murder by shooting his cousin in the abdomen following a physical altercation.  When asked why he shot his cousin, Defendant replied, "[h]e pissed me off, man." [Doc. 67 at ¶ 10].  Additionally, Defendant has only served approximately seventeen years of his life

sentence. When compared to the seriousness of his crime, the grounds cited by Defendant fail to justify his early release.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that the relevant § 3553(a) factors continue to weigh in favor of his incarceration.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)" [Doc. 89] is hereby **DENIED.**

**IT IS SO ORDERED.**

Signed: August 1, 2024

_____
Martin Reidinger
Chief United States District Judge